UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                                         :
                                                               :
                                                               :   Case No.:      22−10010−JLG
JAYME D. JOSEPH                                                :
                                                               :
                                                               :
                                     Debtor.                   :   Chapter 7
                                                               :
---------------------------------------------------------------X   :
                                                               :
JAYME D. JOSEPH                                                :
                                                               :   Adv. Proc. No.: _____
                                     Plaintiff,                :
                                                               :
        -against-                                              :
                                                               :
                                                               :
CORONADO STUDENT LOAN TRUST,                                   :
LAUNCH SERVICING, LLC                                          :
                                     Defendants.               :
                                                               :
---------------------------------------------------------------X   :
                                                               :

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT**

      Jayme D. Joseph, ("Debtor" or "Plaintiff") by and through undersigned counsel, files this Complaint to Determine the Dischargeability of Student Loan Debt against Coronado Student Loan Trust ("Defendant" or "Coronado") and Launch Servicing, LLC ("Defendant" or "Launch") respectfully alleges as follows:

### Introduction

1. This is an adversary proceeding brought under the Bankruptcy Code 11 U.S.C. §523(a)(8) to determine the dischargeability of Plaintiff's student loan debt.

### Jurisdiction and Venue

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334.

3. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1409 because this matter arises in and is related to a bankruptcy case in this district.

## Parties

5. Plaintiff is an individual residing in the Southern District of New York.

6. Defendant Coronado Student Loan Trust is a lender which can be served through its agent at 500 Delaware Avenue, 11th Floor, Wilmington, Delaware 19801.

7. Defendant Launch Servicing, LLC is a loan servicer with its principal place of business at 5109 S Broadband Ln, Suite 400, Sioux Falls, South Dakota 57108

## Facts

8. Debtor attended The Art Institute of California – Los Angeles from 2007 to 2013 where he studied Media Arts and Animation. He financed his education in part with student debt held or serviced by the Defendants in this adversary proceeding.

9. He earned his Bachelor of Science in Media Arts and Animation from the Art Institute in 2013.

10. The Art Institutes were for-profit entities owned by Education Management Corporation ("EDMC") another for-profit company engaged in education.

11. The loans Plaintiff took out to finance his education at the Art Institutes were taken from PNC Bank, N.A., which were then assigned to EDMC.

12. EDMC subsequently sold and assigned Plaintiff's loans to Coronado Student Loan Trust. Plaintiff never contracted with Coronado for this or any other matter.

13. After completing his studies Plaintiff has held a few freelance and part-time jobs including event coordinator, graphic artist, and Starbucks barista but has not been able to secure full-time permanent employment since getting his degree from Art Institute.

14. Plaintiff faced financial hardships in the years following graduation and had to rely on family for support.

15. On January 6, 2022 ("Petition Date") Plaintiff filed a Voluntary Petition for relief under Chapter 7 of the United States Bankruptcy Code.

16. One of the unsecured debts owed by Plaintiff listed in Schedule F is a private student loan owed to Defendants.

17. Plaintiff's present indebtedness on this private student loan is approximately $131,597.81. The loan accrues interest at a rate of 13.23%

18. The monthly payment on this private student loan is approximately $1,576.

19. Plaintiff has additional student loans owed to the federal government that are not part of this adversary proceeding.

20. Plaintiff is 33 years old, unemployed and resides in his childhood home in the Bronx with his mother and aunt.

21. Plaintiff's sole source of income is contribution from family.

22. Plaintiff's income and expected future income is and will be inadequate to cover his basic needs and repay the private student loan debt.

23. Plaintiff cannot further reduce his expenses to cure his inability to pay the private student loan.

24. Plaintiff lacks assets that can be liquidated to repay the private student loan.

25. Plaintiff's living expenses are expected to increase in the future as he aspires to move out of his mother's home, secure his own housing and eventually have a family of his own.

## Claim For Relief

<u>Undue Hardship</u>

26. Plaintiff seeks relief under 11 U.S.C. §523(a)(8) stating that excepting the Student Loan Debts from discharge imposes an undue hardship.

27. Excepting student loan debt from discharge imposes an undue hardship if a debtor can demonstrate "(1) that the debtor cannot maintain, based on current income and expenses, a minimal standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans." *Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987).

28. The Plaintiff cannot, based on his current income and expenses, maintain a minimal standard of living for himself if forced to repay the Student Loan Debt. The monthly payment on the Student Loan Debt is $1,576. Plaintiff's current monthly net income is $34, without the student loan payment

29. Plaintiff's job prospects indicate that this state of affairs is likely to persist for a significant portion of the repayment period. In the decade since graduating from Art Institute, Plaintiff has not been able to secure employment with adequate income to afford the monthly payments on the private loans. Plaintiff is currently pursuing a bachelor's in psychology at City College and assuming this will improve his chances of securing a job, his income will not be enough to maintain a minimal standard of living for himself and repay the private student loan debt.

30. Plaintiff has made a good faith effort to repay this private student loan. Even when he was only employed part time, working odd jobs in retail and customer service, he remained in communication with the Defendants to request deferments and reduction in monthly payments. Between 2013 and 2020, Plaintiff made monthly payments on the private student loan in the average amount of $500.

<u>Private Loan Is Not A Qualified Student Loan</u>

31. Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

32. The private student loan owed to Defendants is also dischargeable under 523(a)(8)(B) because it is not a Qualified Education Loan used solely for Plaintiff's Cost of Attendance at his school.

33. Where confusion exists in determining whether an educational debt is a Qualified Education Loan or a Consumer Education Loan, the Bankruptcy Code places to burden on the creditor to establish by a preponderance of the evidence that the educational debt in question is excepted from discharge.

34. The loans were not made, insured, or guaranteed by a governmental unit, or made under any program partially or fully funded by a governmental unit or nonprofit institution, such loans are not excepted from discharge under 11 U.S.C. § 523(a)(8)(A)(i)

35. The loan is not a qualified education loan as the term is defined in the Internal Revenue Code.

36. The loan did not constitute an "educational benefit" because Plaintiff's degree is ultimately worthless, and the Art Institute lost accreditation a few years after Plaintiff completed the program.

<u>The Art Institute's Misconduct</u>

37. The Art Institute engaged in misconduct through a carefully crafted for-profit education scheme.

38. The Art Institute deceived and misled students about the educational benefits at their schools, used high-pressure sales tactics on students that they knew weren't right for the school, and misrepresented both their graduation and job placement rates.

39. Under federal law, defrauded borrowers have the right to discharge their loans due to the school's misconduct. Through the Borrowers Defense Against Repayment program, the U.S. Department of Education makes it clear that students who experienced fraud should not be required to pay back student loans.

40. Since Plaintiff is eligible for the federal government's program which offers complete loan forgiveness for anyone who borrowed money to attend the Art Institute, the private loans in question could not be deemed "qualified education loans" and are deemed dischargeable.

**WHEREFORE**, Plaintiff, Jayme D. Joseph, seeks judgment declaring that repayment of the private student loan debts owed to the named Defendants pose an undue hardship and be deemed dischargeable pursuant to 11 U.S.C. § 523(a)(8) and grant such order and further relief as this Court may deem just and proper.

Dated: November 30, 2022     LAW OFFICE OF NATALIE JEAN-BAPTISTE, P.C.
      Uniondale, New York

By:     */s/ Natalie Jean-Baptiste*
      Natalie Jean-Baptiste, Esq.

      626 RXR Plaza, 6th Floor
      Uniondale, NY 11556
      (516) 522-2503 Telephone
      (516) 706-8323 Facsimile
      natalie.jeanbaptiste@gmail.com
      *Attorney for Plaintiff*